UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Maria Malchoff | § § § § § § § § § § § | Civil Action No. 5:19-cv-593 |
| v | | |
| Second Round, LP | | |

Complaint

_____

# Introduction

1. Congress enacted the Fair Debt Collection Practices Act to protect consumers from misrepresentations by debt collectors. Congress found that these misrepresentations contributed to job loss, martial disharmony, the number of personal bankruptcies, and invasions of privacy.

2. The FDCPA prohibits debt collectors from making misrepresentations regarding the amount of a debt. Whether the amount represented is more or less than the actual amount of the debt is immaterial. A debt that is overstated causes obvious harm, a consumer pays more than they owe. A debt that is understated has a more insidious effect. A consumer may be led to believe that a debt is satisfied when it is not.

3. Plaintiff brings this action for Defendant's violations of the FDCPA and seeks actual damages, statutory damages, and attorney's fees and costs.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

6. Plaintiff, Maria Malchoff, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Second Round, Limited Partnership, is a Texas limited partnership whose mailing address is 1701 Directors Boulevard, Suite 900, Austin, Texas 78744. It may be served with summons via its registered agent, Larry Vasbinder, at the same address.

8. Second Round regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

## Facts

9. Malchoff is a widow with limited income. Unauthorized charges were made on her Synchrony Bank account at a home furniture store.

10. She never made payments on the alleged debt.

11. The Synchrony account was charged off in June 2014.

12. Some time after the account was charged off, Second Round purchased the bad debt for pennies on the dollar.

13. It placed the debt with various debt collectors before collecting the debt on its own behalf.

14. In an effort to collect the debt, Second Round sent a letter dated March 28, 2019.

15. A true and correct copy of the March Letter is attached as Exhibit A except that it has been redacted per Fed. R. Civ. P. 5.2.

16. The March Letter states a balance of $2,855.40.

17. After requesting verification Malchoff received a second letter from Second Round, this one dated April 23, 2019.

18. A true and correct copy of the April Letter is attached as Exhibit B, except that it has been redacted per Fed. R. Civ. P. 5.2.

19. The April Letter also states a balance of $2,855.40.

20. The documents attached to the April Letter, that were sent in verification of the debt, show that the account was charged off with a balance of $3,483.37.

21. Malchoff never made a payment on the account after it was charged off.

22. Malchoff's daughter, the only other authorized user of the account, never made any payments on the account after it was charged off.

23. According to Second Round's verification documents, the correct balance of the alleged debt is $3,483.37.

24. The balance on the collection letter is incorrect in that it understates the amount of the debt.

25. If Malchoff paid the amount stated on the letter, the debt would be unsatisfied and the statute of limitations would begin anew, leaving her in a worse position that if she simply ignored the letter.

26. Second Round's representations deprived Malchoff of truthful non-misleading information regarding the alleged debt.

## Cause of Action – Fair Debt Collection Practices Act

27. Second Round is a debt collector as defined by 15 U.S.C. § 1692a(6).

28. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

29. Malchoff is a consumer as defined by 15 U.S.C. § 1692a(3).

30. The letters are communications as defined by 15 U.S.C. § 1692a(2).

31. The letters violate the FDCPA in that they:

    a. Misstate the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A); and

    b. Make a false representation in the course of collecting a debt in violation 15 U.S.C. § 1692e(10).

## Jury Demand

32. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated June 3, 2019					Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com